CALOGERO, Chief Justice,
concurs with the following reasons:
This court’s denial of plaintiffs’ writ application should not be construed by the parties as inferring that, if after an eviden-tiary hearing Judge Fernandez is recused, any prior court action, including a judgment, appealable or not (if one exists), should be retroactively invalidated. Recu-sation after the evidentiary hearing, if that comes to pass, should be given prospective effect only, and thus preclude Judge Fernandez from taking any further action in this case, including signing a further judgment or judgments.
Additionally, the court of appeal’s reserving the right of the state to appeal a monetary judgment rendered by Judge Fernandez surely is not meant by this court’s majority to authorize the appeal of any outstanding signed judgment that was appealable, and as to which the suspensive and devolutive appeal times have elapsed.[1] I concur in this respect only because it is not evident by the application or opposition before this court whether an appealable final judgment has been rendered in this case.

. The state in its brief says that no appealable judgment exists in this case regarding the Flight I plaintiffs. The state attributes to Judge Fernandez a statement that he would not, and accordingly did not, certify this judgment as appealable. The plaintiffs, on the other hand, assert that Judge Fernandez's damages award constitutes a final, appealable judgment because it determines the merits of all claims of Flight I plaintiffs. We cannot resolve this issue by a simple writ denial at this time.